UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| NATHANIEL DEAN MCPHERSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 21-036-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Nathaniel Dean McPherson filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). [Record No. 23] McPherson's attorney, Melissa Palmer, requests $4,820.08 in fees. The requested fees are based on 19.6 hours of attorney work at $214.29 an hour and 6.2 hours of paralegal work at $100.00 an hour. The Commissioner does not object to the plaintiff's request but defers to the Court on the appropriate hourly rate. The Court will grant the motion because McPherson is the prevailing party in this matter and has satisfied all the requirements for payment of fees under the EAJA.

The EAJA provides for the payment of attorney's fees and expenses to the prevailing party in an action against the United States, except when the government's position is substantially justified. 28 U.S.C. § 2412(d)(1)(A). A party seeking an award of fees and expenses must apply within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing §

2412(d)(1)(B)). The party also must allege that the United States' position was not substantially justified. *Id.*

McPherson is the prevailing party because his case was remanded under sentence four of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA"). Additionally, McPherson is eligible to receive an award of attorney's fees under the EAJA because his "net worth did not exceed $2,000,000 at the time the civil action was filed." *See* § 2412(d)(2)(B). Further, McPherson's attorney included itemized billing records for the time she and her paralegals spent working on this matter. [Record Nos. 24-4, 24-5, 24-6] Finally, McPherson alleges that the position of the government was not substantially justified. [Record No. 24-7, p. 2]

After deciding if a party is eligible to receive attorney's fees, courts must determine what fees are reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Reasonable attorney's fees are fees that are "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). This Court utilizes the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate, in determining the amount of reasonable attorney's fees. *Northeast Ohio Coalition for the Homeless v. Husted,* 831 F.3d 686, 702 (6th Cir. 2016) (citation omitted).

There is a presumptive statutory cap of $125.00 per hour unless the plaintiff can demonstrate a reason to justify a higher fee award, such as an increased cost of living or the limited availability of qualified attorneys to handle the matter. 28 U.S.C. § 2412(d)(2)(A). To exceed the statutory cap, the plaintiff must show that the "prevailing market rate" in the local

- 3 -

community exceeds the statutory cap and "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant v. Commissioner of Social Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

First, the Court agrees that the hours expended in this case are reasonable. Second, the requested hourly rate is consistent with the prevailing market rate in the Eastern District of Kentucky. McPherson provided affidavits from two attorneys in the Eastern District of Kentucky alleging that the prevailing hourly rate is between $200-$500 for Social Security cases. [Record Nos. 24-2, 24-3; *see also Doucette v. Comm'r of Soc. Sec.*, 13 F.4th 484, 491-92 (6th Cir. 2021) (noting that the market range in the Eastern District of Kentucky is between $205 and $500).] Additionally, McPherson provided the Consumer Price Index from the Bureau of Labor and Statistics and a proposed inflation calculator to demonstrate a cost-of-living increase to support the request for attorney's fees over the statutory cap. In light of the foregoing, the Court will award the full amount of attorney's fees at an hourly rate of $214.29 for 19.6 hours expended and paralegal fees at an hourly rate of $100.00 for 6.2 hours expended, for a total of $4,820.08.

Finally, a fee award under the EAJA must be paid directly to the plaintiff, not the plaintiff's attorney, unless the Commissioner determines that the plaintiff does not owe a debt subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). Additionally, an "assignment of an EAJA award that predates the actual award is void." *Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013).

Here, the Commissioner has not yet determined whether the plaintiff owes a debt that may be subject to offset. Therefore, the fee award will be paid directly to McPherson.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Plaintiff Nathaniel Dean McPherson's motion for attorney's fees [Record No. 23] is **GRANTED**.

2. Attorney's fees will be awarded in the amount of $4,820.08 to be paid directly to Plaintiff McPherson.

Dated: August 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky